# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

Nathan L. Chambers,                                )
                                                   )
                    Plaintiff,                     )
                                                   )      Civil Action No. 6:25-cv-01068-TMC
          v.                                       )
                                                   )      **ORDER**
Greenville County; Greenville County               )
Sheriff's Office; John Hobart Lewis;               )
Louis Ortiz; James Michael Glass;                  )
Jason Owens; Ryan Freeman; Hannah                  )
Stouffer; and Walter Bryson,                       )
                                                   )
                    Defendants.                    )
_____            )

Plaintiff Nathan L. Chambers, proceeding *pro se*, brought this action in state court against Defendants, asserting federal claims pursuant to 42 U.S.C. § 1983 and various claims pursuant to state law. (ECF No. 1-1). Defendants then removed this action to federal court. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Plaintiff subsequently amended his complaint twice. (ECF Nos. 37, 46). On January 23, 2026, Defendants filed a motion to dismiss or, in the alternative, for summary judgment. (ECF No. 67). The court then issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment/dismissal procedure and of the possible consequences if he failed to adequately respond to the motion. (ECF No. 68). The magistrate judge granted Plaintiff four extensions of time to respond to the motion, (ECF Nos. 71, 74, 77, 82), and granted Plaintiff leave to exceed the page limit in his response, (ECF No. 82). Plaintiff filed a response in opposition, (ECF No. 87), but failed to do so within the extended deadline. Nonetheless, in an abundance of caution, the

magistrate judge granted his motion to accept a late filing. (ECF No. 86). Defendants then filed a reply. (ECF No. 89).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant Defendants' summary judgment motion as to all of Plaintiff's federal claims, decline to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c)(3) and remand such claims to the Greenville County Court of Common Pleas, and deny as moot Defendants' summary judgment motion as to all of Plaintiff's state law claims.(ECF No. 91 at 23).  The Report was mailed to Plaintiff's address on record with the court. (ECF No. 92).  The Report has not been returned marked undeliverable; thus, the court presumes Plaintiff received the Report.  Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 91 at 24), but failed to do so.  The time for Plaintiff to object to the Report has expired, and this matter is ripe for review.[1]

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'"  *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting

---

[1] Plaintiff filed a motion for a hearing.  (ECF No. 80).  The court finds a hearing unnecessary as the materials before it adequately develop the issues and are sufficient for the court to render a decision. Accordingly, the Plaintiff's request for a hearing is **DENIED**. (ECF No. 80).

party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

The court has carefully reviewed the detailed, thorough Report and the record under the appropriate standards, as set forth above, and agrees with the findings and conclusions of the magistrate judge and finds no reason to deviate from the magistrate judge's recommended disposition as set forth in the Report.  The court hereby **ADOPTS** the Report (ECF No. 91), which is incorporated fully herein.  Accordingly, Defendants' motion for summary judgment (ECF No. 67) is **GRANTED as to each of Plaintiff's federal claims**.  Furthermore, the court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining claims which arise under state law,

*see* 28 U.S.C. § 1367(c)(3), and **REMANDS** Plaintiff's state law claims to the Greenville County Court of Common Pleas. Finally, based on the foregoing, the court **DENIES AS MOOT** Defendants' motion for summary judgment on Plaintiff's state law claims.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
July 27, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.